RWP/sls

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6321-CR-HURLEY



UNITED STATES OF AMERICA

v.

CYNTHIA JOHNSON,

       Defendant.
_____/

**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

    The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.   1.   Attached, please find a copy of any written statements made by the defendant.

           2.   That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

           3.   No defendant testified before the Grand Jury.

           4.   The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

           5.   Books, papers, documents, photographs, tangible objects, buildings or places which the government



>  intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 E. Broward Blvd., Fort Lauderdale, Florida, Suite 700. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for Thursday, January 18, 2001 at 2:00 p.m.  Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.
>
>  The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.
>
>  6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order.  This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband is involved in this indictment.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. The government has received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial and will be made available upon receipt by this office.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

      P.      At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

      Date: September 20, 2000
      Place: Broward County

The attachments to this response are numbered pages 00001 - 00082. Please contact the undersigned Assistant United States Attorney if any pages are missing.

      Respectfully submitted,

      GUY A. LEWIS
      UNITED STATES ATTORNEY

By: *Roger W. Powell*
      ROGER W. POWELL
      ASSISTANT UNITED STATES ATTORNEY
      Florida Bar No. 341411
      500 E. Broward Blvd., Suite 700
      Fort Lauderdale, Florida 33394
      Tel:(954)356-7255; Fax:356-7336

cc: Special Agent Chris Gillis,
    U.S. State Dept.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 5rd day of January, 2001 to:

>   Mr. Thomas F. Almon, Esq.
>   Attorney for Defendant Johnson
>   321 N.E. 26th Street
>   Miami, FL    33137

_____
ROGER W. POWELL
ASSISTANT U.S. ATTORNEY